39 Cal.Rptr. 192]

[Civ. No. 27792.    Second Dist., Div. Four.    June 17, 1964.]

MALCOLM E. HARRIS, as Director of the Department of Alcoholic Beverage Control, Plaintiff and Appellant, v. THE ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD, Defendant and Respondent; IRVIN B. LEVIN, Real Party in Interest and Respondent.

Stanley Mosk, Attorney General, and Warren H. Deering, Deputy Attorney General, for Plaintiff and Appellant.

Leo K. Gallant for Defendant and Respondent.

No appearance for Real Party in Interest and Respondent.

BURKE, P. J.—The campus of the University of Southern California is about 200 feet from a public eating place, Irvino's, owned by the real party in interest here, Irvin B. Levin, who enjoys an on-sale beer license. Students and others frequent the establishment. Levin desires an on-sale beer and wine license. He made application for such a license before the Department of Alcoholic Beverage Control. The application was denied. He asked for a rehearing which was granted and the application was again denied by the Department of Alcoholic Beverage Control. He appealed to the appeals board and the board reversed the department's decision.

The department filed a petition for writ of mandate in the superior court and, all parties appearing, a full presentation was had of all issues. The court upheld the appeals board, discharging the alternative writ and denying the peremptory writ. Findings and conclusions were filed and the Department of Alcoholic Beverage Control appeals from the judgment.

Because of proximity of the eating place to the university and its patronage by students, the jurisdiction to regulate such business with respect to alcoholic beverages is the question involved in this proceeding. The eating place specializes in Italian-type food, spaghetti and pizza. About 60 per cent of its patronage consists of university students. The legal conflict results from Penal Code, section 172e[1] and a regulation promulgated in 1959 by the Department of Alcoholic Beverage Control, section 61.1 of title 4, chapter 1, California Administrative Code.[2] The appeals board decision, sustained

---

[1] "172e. The provisions of sections 172, 172a, 172b, and 172d of this code shall not apply to the sale or the exposing or offering for sale of alcoholic beverages by an on-sale licensee under the Alcoholic Beverage Control Act within premises licensed as a bona fide public eating place as provided in the Constitution and as defined in the Alcoholic Beverage Control Act (commencing at section 23000, Business and Professions Code), and *the provisions of such sections shall not be construed so as to preclude the Department of Alcoholic Beverage Control from issuing licenses for bona fide public eating places within the areas prescribed by the sections.*"* (Italics added.)

[2] Section 61.1 reads as follows: "No on-sale general license or on-sale beer and wine license shall be issued within one mile of a university unless the department is satisfied that the location of the premises is

---

*Section 172e was amended in 1963 (Stats. 1963, ch. 393, § 2) to include within its exceptions newly enacted Penal Code section 172g. This amendment does not appear material here.

by the trial court, held section 61.1 unconstitutional, invalid and void.

The Department of Alcoholic Beverage Control, conversely, contends that rule-making authority is vested in the department by article XX, section 22, of the California Constitution and the promulgation of rule 61.1 is therefore within its jurisdiction and not in conflict with nor controlled by similarly directed legislative enactments. Paragraph 5 of section 22 provides: "The Department of Alcoholic Beverage Control shall have the *exclusive power,* except as herein provided and in accordance with laws enacted by the Legislature, to license the manufacture, importation and sale of alcoholic beverages in this State, and to collect license fees or occupation taxes on account thereof. The department shall have the power, in its discretion, to deny, suspend or revoke any specific alcoholic beverage license *if it shall determine for good cause that the granting or continuance of such license would be contrary to public welfare or morals. . . ."* (Italics added.)

The decision of the Department of Alcoholic Beverage Control resulting in the appeal taken to the appeals board contained in part the following findings of fact and determination of issues:

"FINDINGS OF FACT:

"1. . . . . . . . . . . . . . . . . .

"2. Respondent's premises is slightly over two hundred airline feet from the closest point of the campus of the University of Southern California. This institution is a university having in excess of 1000 students of whom more than 500 reside on campus.

"3. Respondent advertises his restaurant in the 'Daily Trojan,' the campus newspaper of the university. The premises is heavily patronized by students and respondent hopes to maintain and increase this student patronage.

"4. There are other businesses, similar to respondent's business, also located close to the university campus and which have competitive advantage by being licensed to sell beer and wine, or beer, wine and distilled spirits for consumption on the premises.

sufficiently distant from the campus and the nature of the licensed business is such that it will not be patronized by students.

"Any premises licensed under this rule must operate as a bona fide public eating place as defined in section 23038 of the Alcoholic Beverage Control Act."

"DETERMINATION OF ISSUES PRESENTED:

"Issuance of the license would be contrary to the provisions of rule 61.1 of the Department of Alcoholic Beverage Control and therefore issuance of the license would be contrary to public welfare and morals."

The appeal was based on the following grounds:

"1. That the decision of the Alcoholic Beverage Control is against the law.

"2. That the decision is against the facts.

"3. That the decision of the Board is unconstitutional by virtue of the fact that they have disregarded the laws of the State of California relative to the establishment of alcoholic beverage control premises within the vicinity of colleges or universities."

Identical facts were established in the superior court presentation and the conclusion was reached that section 61.1 was unconstitutional, invalid and void. The alternative writ of mandate was discharged and the writ of mandate denied.

In the oral argument before this court, both appellant and respondent admitted the prolixity of their respective briefs, prepared, no doubt, out of an abundance of concern because of the intramural nature of these proceedings, but it is admitted that the crucial point of controversy is the issue of jurisdiction and whether the department's action in denying the on-sale beer and wine license was ultra vires because predicated upon section 61.1, and whether section 61.1 is in turn a nullity because in derogation of section 172e of the Penal Code.

Originally, restrictions against sale of alcoholic beverages in proximity to universities were imposed by enactment, in 1872, of section 172 of the Penal Code. Additional sections, 172a, 172b and 172d, were later enacted extending restrictions against sale near additional universities and establishments. In 1959, section 172e was enacted which specifically set forth an exception to the operation of the foregoing sections, namely, a bona fide public eating place. No specific limitation or restriction as to proximity or student patronage was imposed under the exception upon premises that could qualify as a bona fide public eating place. In the instant case applicant's premises so qualify. Accordingly, unless good cause, other than proximity or student patronage, exists, it cannot be contended that such premises are not entitled to be licensed. Since applicant already holds an on-sale beer li-

cense, it is apparent that no grounds for denial, other than the application of section 61.1, exist, and counsel so agreed at oral argument.

Paragraph 5 of section 22 of article XX of the Constitution uses the terminology, "The Department of Alcoholic Beverage Control shall have the *exclusive power. . . ,*" but it also states, *"except as herein provided and in accordance with laws enacted by the Legislature, to license. . . ."* (Italics added.)

Section 25750 of the Alcoholic Beverage Control Act provides:

*"Rules and regulations.* The department shall make and prescribe such reasonable rules as may be necessary or proper to carry out the purposes and intent of section 22 of article XX of the Constitution and to enable it to exercise the powers and perform the duties conferred upon it by that section or by this division, *not inconsistent with any of the provisions of any statute of this State,* including particularly the provisions of this division and the provisions of chapter 5 of part 1 of division 3 of title 2 of the Government Code." (Italics added.)

■ In the absence of valid statutory authority, an administrative agency may not, under the guise of a regulation, substitute its judgment for that of the Legislature. ■ It may not exercise its sublegislative powers to modify, alter or enlarge the provisions of the legislative act which is being administered. ■ Administrative regulations in conflict with the Constitution or statutes are generally declared to be null or void. (*Hammond* v. *McDonald,* 49 Cal.App.2d 671, 679 [122 P.2d 332] ; *Hodge* v. *McCall,* 185 Cal. 330, 334 [197 P. 86].) These principles apply even though its rule-making authority derives directly from the Constitution. (*Blatz Brewing Co.* v. *Collins,* 69 Cal.App.2d 639 [160 P.2d 37].)

■ In *American Distilling Co.* v. *State Board of Equalization,* 55 Cal.App.2d 799, at pages 805, 806 [131 P.2d 609], the court states: "It is true that the Legislature may delegate authority to administrative boards to adopt and enforce reasonable rules for carrying into effect the expressed purpose of a statute even though such rules include the authorization to exercise discretion in doing so, provided that discretion is not purely arbitrary and does not amount to a sanction to add to or change the statute or confer upon the board a right to determine what the law shall be in a particular case. . . . It is a well-established principle of law that the Legislature may not delegate authority to a board or commis-

sion to adopt rules which abridge, enlarge, extend or modify the statute creating the right. (*Campbell* v. *Galeno Chemical Co.*, 281 U.S. 599, 610 [50 S.Ct. 412, 74 L.Ed. 1063, 1069]; *People* v. *Kuder*, 93 Cal.App. 42, 51 [269 P. 198, 630]; 11 Am.Jur. 955, § 240.) In the authority last cited it is said:

" 'Clearly, the legislative body must declare the policy of the law and fix some kind of legal principles which are to control in given cases. It must provide an adequate yardstick for the guidance of the executive or administrative body or officer empowered to execute the law. . . . In all cases the rules and regulations may be tested in the courts to determine whether they are reasonably directed to the accomplishment of the purposes of the statute under which they are made. Moreover, regulations promulgated by administrative departments may not extend the statute or modify its provisions.' "

In enacting Penal Code, section 172e, the Legislature removed the restrictions imposed by sections 172 et seq. of the Penal Code as to bona fide public eating places. The department, by regulation, reestablished a one-mile distance requirement and a further qualification related to student patronage, thereby nullifying the effect of the legislative enactment as to bona fide public eating places within such area. Such action constitutes an arrogation of authority neither vested by any constitutional provisions nor embraced by the standards established by the Legislature. The department "may not extend the statute or modify its provisions."

The order of priority with respect to jurisdiction, accordingly, is as follows: (1) The Constitution is the supreme expression; (2) to the extent that it does not conflict with the Constitution, the Legislature may act; (3) to the extent that it does not conflict with the Constitution, or with lawful acts of the Legislature, the department may act through its rules and regulations.

Section 61.1 of the California Administrative Code is void, being in conflict with Penal Code, section 172e. Accordingly, the judgment of the superior court denying petition for writ of mandate and discharging alternative writ of mandate is affirmed.

Jefferson, J., and Kingsley, J., concurred.

A petition for a rehearing was denied June 29, 1964, and appellant's petition for a hearing by the Supreme Court was denied August 12, 1964.