[Civ. No. 22304.   First Dist., Div. Three.    June 29, 1965.]

MALCOM E. HARRIS, as Director of the Department of Alcoholic Beverage Control, Plaintiff and Appellant, v. ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD, Defendant and Respondent; GEORGE JALKSON et al., Real parties in Interest and Respondents.

Thomas C. Lynch, Attorney General, E. G. Funke, Assistant Attorney General, and Wiley W. Manuel, Deputy Attorney General, for Plaintiff and Appellant.

Leo K. Gallant for Defendant and Respondent.

Pestarino, Winningham & Menard and Lawrence A. Menard for Real Parties in Interest and Respondents.

BRAY, J.*—Appellant appeals from judgment of the superior court denying his petition for writ of mandate to set aside and vacate order of respondent Alcoholic Beverage Control Appeals Board, which reversed the decision of the Department of Alcoholic Beverage Control denying issuance of the beer and wine license hereinafter discussed.

### Questions Presented

1. Is rule 61.1 of title 4, chapter 1, California Administrative Code valid?

2. Was the Jalkson application for license denied on other grounds?

### Record

Respondents George and Stella Jalkson (real parties in interest) have for the past 11 years operated a restaurant on the easterly side of El Camino Real across the highway and 100 feet from a portion of the Stanford University campus which is occupied by a large number of housing units for Stanford students, primarily married couples and their families. It is conceded that the restaurant, known as the Stanford View BBQ, is operated as a bona fide public eating place and is "a family type restaurant." Mrs. Jalkson estimated roughly that 25 per cent of their business comes from Stanford students. In 1961 an on-sale beer license was issued to the Jalksons for their restaurant.

In February 1963, they applied to the department for a conditional on-sale beer and wine license. The condition was that beer or wine could be served only with meals. Stanford University and several Palo Alto residents objected to the application. In May 1963, after a hearing, the department denied the application. Thereafter the Jalksons applied for a hearing by the Alcoholic Beverage Control Appeals Board. After a hearing the board filed its decision in which it stated

*Retired Presiding Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

that the only issue presented to it related to the validity of department rule 61.1, and then held that "rule 61.1 is beyond the authority of the department since it is in conflict with . . . Penal Code section 172e . . ."; that it "is invalid because it is vague and uncertain and it does not establish any standards which the department or the public can ascertain and apply . . ."; and that "the record fails to contain substantial evidence in support of the department's determination that issuance of the license would be contrary to public welfare and morals."

The board reversed the decision of the department. Thereafter the department filed a petition in superior court for writ of mandate to compel the board to reverse its decision. After a hearing, the court denied the petition.

The court further determined "That the appeals board correctly adjudged that rule 61.1 of title 4 of the California Administrative Code is invalid because it was without the scope of the department's rule-making power; that rule 61.1 represents an unlawful usurpation of the legislative function; that rule 61.1 violates the provisions of section 172e of the California Penal Code; violates the provisions of the California Constitution, and violates the Alcoholic Beverage Control provisions of the Business and Professions Code."

Thereupon, the court entered its judgment denying the petition for writ of mandate.

1. Is rule 61.1 valid?

That rule, promulgated in 1959, provides "No on-sale general license or on-sale beer and wine liecnse shall be issued within one mile of a university unless the department is satisfied that the location of the premises is sufficiently distant from the campus and the nature of the licensed business is such that it will not be patronized by students. Any premises licensed under this rule must operate as a bona fide public eating place as defined in section 23038 of the Alcoholic Beverage Control Act."

In *Harris* v. *Alcoholic Beverage etc. Appeals Board,* 228 Cal.App.2d 1 [39 Cal.Rptr. 192], the court held that rule 61.1 is void, being in conflict with section 172e of the Penal Code. Section 172e provides: "The provisions of sections 172, 172a, 172b, 172d, and 172g of this code shall not apply to the sale or the exposing or offering for sale of alcoholic beverages by an on-sale licensee under the Alcoholic Beverage Control Act within premises licensed as a bona fide public eating place

as provided in the Constitution and as defined in the Alcoholic Beverage Control Act (commencing at Bus. & Prof. Code, § 23000), *and the provisions of such sections shall not be construed as to preclude the Department of Alcoholic Beverage Control from issuing licenses for bona fide public eating places within the areas prescribed by the section.''** (Italics added.)

The court in *Harris* pointed out that paragraph 5 of section 22 of article XX of the Constitution giving the power to license to the Department of Alcoholic Beverage Control makes such power subject to the express limitation ''as herein provided and in accordance with laws enacted by the Legislature'' and that section 25750 of the Alcoholic Beverage Control Act provides that the department may make reasonable rules ''not inconsistent with any of the provisions of any statute of this State.'' The court after citing cases like *Hammond* v. *McDonald,* 49 Cal.App.2d 671, 679 [122 P.2d 332], *Hodge* v. *McCall,* 185 Cal. 330, 334 [197 P. 86] and *Blatz Brewing Co.* v. *Collins,* 69 Cal.App.2d 639 [160 P.2d 37] holding that regulations of an administrative agency in conflict with the Constitution or statutes are generally held to be void, even though the rule-making power derives directly from the Constitution, states: ''In enacting Penal Code, section 172e, the Legislature removed the restrictions imposed by sections 172 et seq. of the Penal Code as to bona fide public eating places. The department, by regulation, reestablished a one-mile distance requirement and a further qualification related to student patronage, thereby nullifying the effect of the legislative enactment as to bona fide public eating places within such area. Such action constitutes an arrogation of authority neither vested by any constitutional provisions nor embraced by the standards established by the Legislature. The department 'may not extend the statute or modify its provisions.' '' The court then held that rule 61.1 is in conflict with section 172e of the Penal Code and is therefore void. We agree with this determination. In view of our ruling it is unnecessary to determine whether, as contended by respondent, rule 61.1 is vague and uncertain and void for that reason.

■ 2. Was the Jalkson application for license denied on other grounds?

There was no denial on other grounds. Although the briefs

---

*The sections referred to in section 172e all proscribe the sale of certain alcoholic beverages within specified distances of various educational, correctional and residential institutions.

of the parties, in their complexity and prolixity, seem to indicate that the denial by the department of the Jalkson application for license was on grounds additional to the applicability of rule 61.1, the record clearly shows that the denial was solely because of the fact the department applied that rule and made no determination independent of that rule that the granting of the license would be contrary to public welfare.

The decision of the department clearly shows this. In its findings of fact the department found in pertinent part that the Jalksons' premises were across the street and 120 feet distant from that portion of Stanford University grounds occupied by a large number of housing units for Stanford students; that a substantial number of applicants' patrons are and will continue to be Stanford students, although the total number of such students constitutes a minor percentage of applicants' entire patronage; that issuance of the license would not create a police problem; that applicants' premises have been operated in an orderly and satisfactory manner causing no police problem; that there is no reason to believe that the granting of the license would result in any different manner of operation.

Under the heading "Determination of Issues Presented" the decision, in pertinent part, states that rule 61.1 is not unconstitutional, refers to the location of applicants' premises with reference to Stanford's grounds; that the applicants' business will be patronized by students; that "Department's Rule 61.1 applies to applicants' application and issuance of the license is thereby proscribed by said Rule." That "Issuance of the license would be contrary to public welfare and morals for the reason that applicants' premises are located within the immediate vicinity of and less than one mile from Stanford University and issuance of the license would be in violation of Rule 61.1."

Under "Penalty or Recommendation" the decision states: "Applicants' Petition is denied and the Protest of the Board of Trustees of Leland Stanford Jr. University is sustained on the grounds that applicants' premises are located within the immediate vicinity of, and less than one mile, from the grounds of said University and issuance of the license would be contrary to the provisions of Department's Rule 61.1, *thereby being contrary to public welfare and morals. . . .*" (Italics added.)

It is obvious that the denial of the license was solely because the department applied Rule 61.1 and made no attempt to

determine from the evidence whether, apart from the rule, the granting of the license would be contrary to public welfare and morals.

As hereinbefore pointed out, the decision of the Alcoholic Beverage Control Appeals Board stated: ''The only issue presented by the appeal relates to the validity of department rule 61.1.''

In its findings of fact and conclusions of law the superior court stated: ''That the only basis, ground and findings of fact upon which the 'Determination of Issue Presented' of the department . . . and upon which the said real parties in interest's application was denied was under the provisions of rule 61.1, chapter I of title 4 of the California Administrative Code, to-wit: that the place of business of applicants is located within one mile of Leland Stanford, Jr., University, and the nature of the licensed business is such that it will be patronized by students and issuance of the license would be in violation of rule 61.1. That the department did not otherwise base its denial of the application upon any other evidence proving or tending to prove that the issuance of the license to said applicants would be contrary to public welfare and morals. That it is not true that factually, but for rule 61.1 of the department, the issuance of the said license to applicants would be contrary to public welfare or morals.'' The court then went on to hold that the appeals board correctly held that rule 61.1 was invalid.

Both the appeals board and the court went further than required by the sole issue upon which the department acted, and held that there was no substantial evidence to support a finding that the issuance of the license would be contrary to public welfare and morals.

As we have shown, the sole question before the appeals board and the superior court was, and before this court is, whether rule 61.1 is a valid rule and would support the department's denial of the license. The rule is not valid, and the determinations of the appeals board and of the superior court in this regard were correct.

The judgment is affirmed.

Salsman, Acting P. J., and Devine, J., concurred.

A petition for a rehearing was denied July 29, 1965, and appellant's petition for a hearing by the Supreme Court was denied August 25, 1965.