[Civ. No. 40994. Second Dist., Div. Five. Apr. 10, 1973.]

JOYCE T. LOCKER et al., Petitioners, v.
EDWARD J. KIRBY, as Director, etc., Respondent.

## COUNSEL

Kurlander, Solomon & Hart, Stephen Warren Solomon and Ronald L. Gould for Petitioners.

Evelle J. Younger, Attorney General, and David W. Halpin, Deputy Attorney General, for Respondent.

## OPINION

COLE, J.*—In this proceeding we hold that the Department of Alcoholic Beverage Control (hereafter respondent) may constitutionally prohibit its licensees from employing or using bare-breasted ("topless") waitresses on premises where liquor is sold.

Petitioners Joyce T. Locker, Elmer O. Locker and William C. Coleman are licensees of respondent and employ topless waitresses; petitioner Candy Genevieve Harmon alleges that she is a "topless" waitress employed by

*Assigned by the Chairman of the Judicial Council.

petitioners Locker.[1] Petitioners challenge the validity of rule 143.2,[2] promulgated by respondent, asserting that it violates rights guaranteed to them by the First and Fourteenth Amendments, and deprives them of a valuable business license.

We previously issued an alternative writ of mandate in response to the petitions. Since we disagree with petitioners' contentions we now discharge the alternative writ and deny the petitions.

Petitioners' first argument is premised on the faulty conclusion that when a topless female waits on tables in an establishment which serves liquor she is engaged in "communicating" ideas and impressions which are entitled to First Amendment protection. While the argument is subdivided into various segments appropriate to consideration of problems arising under the amendment, we need not discuss them separately. ■ We hold that, under the principles enunciated in *California* v. *LaRue*, 409 U.S. 109 [34 L.Ed.2d 342, 93 S.Ct. 390], the portion of rule 143.2 attacked here is constitutional on its face.

At the same time as it adopted rule 143.2, respondent adopted rules 143.3 and 143.4. The constitutionality of portions of those rules was up-

---

[1]The allegation is denied for lack of information or belief. We need not take steps to resolve the factual question or further consider petitioner Harmon's separate status, since we conclude, adversely to the general contentions of all petitioners, that the challenged regulation is immunized from constitutional attack by reason of the Twenty-first Amendment.

[2]California Administrative Code, title 4, section 143.2 reads as follows:

"ATTIRE AND CONDUCT. The following acts or conduct on licensed premises are deemed contrary to public welfare and morals, and therefore no on-sale license shall be held at any premises where such conduct or acts are permitted:

"(1) To employ or use any person in the sale or service of alcoholic beverages in or upon the licensed premises while such person is unclothed or in such attire, costume or clothing as to expose to view any portion of the female breast below the top of the areola or of any portion of the pubic hair, anus, cleft of the buttocks, vulva or genitals.

"(2) To employ or use the services of any hostess or other person to mingle with the patrons while such hostess or other person is unclothed or in such attire, costume or clothing as described in paragraph (1) above.

"(3) To encourage or permit any person on the licensed premises to touch, caress or fondle the breasts, buttocks, anus or genitals of any other person.

"(4) To permit any employee or person to wear or use any device or covering, exposed to view, which simulates the breast, genitals, anus, pubic hair or any portion thereof.

"If any provision of this rule or the application thereof to any person or circumstances is held invalid, such invalidity shall not affect other provisions or application of the rule which can be given effect without the invalid provision or application, and to this end the provisions of this rule are severable."

held in *LaRue*.[3] These regulations impose standards as to the type of entertainment which may be presented in licensed premises, prohibiting in general outline, live, filmed or other visual depiction of actual or simulated sexual acts and prohibiting displays of private parts of the human body. The display of the female breast is not prohibited by rules 143.3 and 143.4.

All of the rules were adopted after hearings were held. Those hearings ". . . indicated that in licensed establishments where 'topless' and 'bottomless' dancers, nude entertainers, and films displaying sexual acts were shown, numerous incidents of legitimate concern to [respondent] had occurred." (*California* v. *LaRue* at p. 111 [34 L.Ed.2d at pp. 347-348].)

The Supreme Court recognized that the rules before it would proscribe some forms of visual presentation which would not be found obscene under

---

[3]Rules 143.3 and 143.4 provide as follows:

143.3: "Acts or conduct on licensed premises in violation of this rule are deemed contrary to public welfare and morals, and therefore no on-sale license shall be held at any premises where such conduct or acts are permitted.

"Live entertainment is permitted on any licensed premises, except that:

"(1) No licensee shall permit any person to perform acts of or acts which simulate:

"(a) Sexual intercourse, masturbation, sodomy, bestiality, oral copulation, flagellation or any sexual acts which are prohibited by law.

"(b) The touching, caressing or fondling on the breast, buttocks, anus or genitals.

"(c) The displaying of the pubic hair, anus, vulva or genitals.

"(2) Subject to the provisions of subdivision (1) hereof, entertainers whose breasts and/or buttocks are exposed to view shall perform only upon a stage at least 18 inches above the immediate floor level and removed at least six feet from the nearest patron.

"No licensee shall permit any person to use artificial devices or inanimate objects to depict any of the prohibited activities described above.

"No licensee shall permit any person to remain in or upon the licensed premises who exposes to public view any portion of his or her genitals or anus."

"[Severability Clause]."

143.4: "The following acts or conduct on licensed premises are deemed contrary to public welfare and morals, and therefore no on-sale license shall be held at any premises where such conduct or acts are permitted.

"The showing of film, still pictures, electronic reproduction, or other visual reproductions depicting:

"(1) Acts or simulated acts of sexual intercourse, masturbation, sodomy, bestiality, oral copulation, flagellation or any sexual acts which are prohibited by law.

"(2) Any person being touched, caressed or fondled on the breast, buttocks, anus or genitals.

"(3) Scenes wherein a person displays the vulva or the anus or the genitals.

"(4) Scenes wherein artificial devices or inanimate objects are employed to depict, or drawings are employed to portray, any of the prohibited activities described above."

"[Severability Clause]."

its decisions. (*Id.* at p. 116 [34 L.Ed.2d at p. 351].) It pointed out, however, that the rules focused on the context of licensing bars and night-clubs to sell liquor by the drink, and that respondent had concluded that such sales and "lewd or naked dancing and entertainment should not take place simultaneously." (*Id.* at p. 115 [34 L.Ed.2d at p. 350].) In language which appears to us to be even more apt when applied to topless waitresses instead of to "entertainers," the Supreme Court said that ". . . as the mode of expression moves from the printed page to the commission of public acts which may themselves violate valid penal statutes, the scope of permissible state regulations significantly increases." (*Id.* at p. 117 [34 L.Ed.2d at p. 351].) It quoted from *United States* v. *O'Brien,* 391 U.S. 367, 376 [20 L.Ed.2d 672, 679, 88 S.Ct. 1673]: " 'We cannot accept the view that an apparently limitless variety of conduct can be labeled "speech" whenever the person engaging in the conduct intends thereby to express an idea.' " (*Id.* at pp. 117-118 [34 L.Ed.2d at p. 351].) And, recognizing that ". . . the broad sweep of the Twenty-first Amendment has been recognized as conferring something more than the normal state authority over public health, welfare, and morals." (*Id.* at p. 114 [34 L.Ed.2d at pp. 349-350]) the Supreme Court held that despite the fact ". . . that at least some of the performances to which these regulations address themselves are within the limits of the constitutional protection of freedom of expression, the critical fact is that California has not forbidden these performances across the board. It has merely proscribed such performances in establishments which it licenses to sell liquor by the drink." (*Id.* at p. 118 [34 L.Ed.2d at p. 352].)

We think that the case before us is even stronger for upholding the constitutionality of the rule. The work of a waitress serving drinks to bar customers is surely much less susceptible of being classed with the expression of ideas and the communication of impressions than is the performance of an entertainer on a stage. (Cf. *In re Giannini,* 69 Cal.2d 563, 567-571 [72 Cal.Rptr. 655, 446 P.2d 535].) Indeed, while it is not in itself dispositive of this case, the petitioners in *LaRue* withdrew objections which they had originally posed to rule 143.2 ". . . conceding 'that topless waitresses are not within the protection of the First Amendment; . . .' " (*California* v. *LaRue,* 409 U.S. at p. 112, fn. 2 [34 L.Ed.2d at p. 348].) For these reasons, and under the authority of *LaRue,* we hold that rule 143.2 does not on its face violate any rights of petitioners under the First Amendment.

Whether or not petitioners are prohibited from pursuing their occupations by enforcement of the rule, they have suffered no loss which is legally

remediable. Given the power of the state to enact the rule in order to carry out its right to regulate liquor consumption, it follows that petitioner Harmon must cover her breasts below the top of the areola before serving liquor, and that other petitioners may not sell liquor unless their waitresses are that minimally garbed.

We turn then to one remaining contention. Taking their cue, evidently, from *Sail'er Inn, Inc.* v. *Kirby*, 5 Cal.3d 1 [95 Cal.Rptr. 329, 485 P.2d 529, 46 A.L.R.3d 351], petitioners argue that rule 143.2 is invalid by reason of equal protection concepts and an asserted conflict with the 1964 Civil Rights Act, with section 18, article XX of California Constitution and with section 1411 of the Labor Code. It is pointed out that the rule does not prohibit display of the naked male chest. We are told that because of this fact there is a discrimination between male and female which is objectionable under the constitutional and statutory provisions mentioned.

*Sail'er Inn* held invalid under these provisions (except the Labor Code section which was not discussed at length) section 25656 of the Business and Professions Code. That section prohibited the employment of women as bartenders except in certain limited circumstances. The case is distinguishable. The California Supreme Court held that a classification based upon sex was within the "suspect" category which requires strict scrutiny to withstand an equal protection attack. In such a situation "the state bears the burden of establishing not only that it has a *compelling* interest which justifies the law but that the distinctions drawn by the law are *necessary* to further its purpose." (*Sail'er Inn, Inc.* v. *Kirby, supra,* 5 Cal.3d 1, 16-17 quoting from *Westbrook* v. *Mihaly*, 2 Cal.3d 765, 785 [87 Cal.Rptr. 839, 471 P.2d 487].) After examining various arguments in support of and against section 25656, the court concluded that the state had not only failed to establish a compelling interest but had not shown any interest at all. (5 Cal.3d at p. 22.) In reaching this conclusion the court said "The Legislature may, of course, pass laws to prevent 'improprieties' in connection with the sale of alcoholic beverages. . . . Where the evil which the Legislature seeks to prevent can be directly prevented through nondiscriminatory legislation, and where the class singled out by the Legislature has no necessary connection with the evil to be prevented, the statute must be struck down as an invidious discrimination against that class." (5 Cal.3d at pp. 20-21.) The court recognized that bartending and related jobs, though regulated, are lawful.

The rule challenged here does prohibit a female from working as a waitress while bare-breasted. There are no proven facts before us to estab-

lish that it prevents her from pursuing the lawful profession of a waitress, and that state of the record alone would serve to distinguish *Sail'er*. We need not rest on this premise however since it is evident that rule 143.2 was promulgated to prevent " 'improprieties' in connection with the sale of alcoholic beverages" (*Sail'er Inn, Inc.* v. *Kirby* at p. 20) and such laws are proper. (*Ibid.*) It is not disputed here that rule 143.2 and its companion rules were adopted after hearings in which evidence was produced justifying respondent in so doing.[4] (*California* v. *LaRue, supra,* 409 U.S. 109, 110-112, 114-116 [34 L.Ed.2d 342, 347-348, 350].) The hearings disclosed a connection between sex and alcohol which the respondent determined required regulation.

As was the case with the Supreme Court in *Boreta,* "We decline to probe the metaphysics of toplessness 'as such.' " (2 Cal.3d at p. 107.)[5] We note, however, the indisputable fact that the naked female breast has for centuries been a symbol of sexuality but that no such generalization can be made about the male chest. Given that fact and the obvious physical differences between mature male and females breasts, and also given the state's interest in regulating the sale of alcoholic beverages and the broad sweep of authority which the states have in this area by virtue of the Twenty-first Amendment[6] we hold that rule 143.2 does not offend equal protection concepts. There is clearly a necessary connection between that which is sought to be prevented and the class to which the rule is directed.

Article XX, section 18 of the California Constitution is not offended by the rule. It proscribes disqualifying a person from entering a lawful vocation because of sex. Rule 143.2 does not have the effect. It does not prevent petitioner Harmon from working as a waitress, nor indeed does it prevent her from doing so in topless dress so long as no alcoholic beverage license is involved on the premises in question. For the same reasons peti-

---

[4]Section 25750 of the Business and Professions Code authorizes respondent to make and prescribe reasonable rules. When respondent tried to take disciplinary action against licensees employing topless waitresses simply on the ground that such employment was contrary to public welfare or morals, without a factual showing of the point our Supreme Court suggested the adoption of factually grounded regulations as a reliable alternative. (*Boreta Enterprises, Inc.* v. *Department of Alcoholic Beverage Control,* 2 Cal.3d 85, 106 [84 Cal.Rptr. 113, 465 P.2d 1].)

[5]Some discussion of the place of openly exposed female bosom in contemporary society is found in *Boreta* itself (2 Cal.3d at pp. 101-102.) Those interested in the subject are also referred to *Robins* v. *County of Los Angeles,* 248 Cal.App.2d 1 [56 Cal.Rptr. 853] and *In re Davis,* 242 Cal.App.2d 645 [51 Cal.Rptr. 702].

[6]The authority is not unlimited. (*Sail'er Inn, Inc.* v. *Kirby, supra,* 5 Cal.3d 1; *Wisconsin* v. *Constantineau,* 400 U.S. 433 [27 L.Ed.2d 515, 91 S.Ct. 507].)

tioners' attacks on rule 143.2 based upon the 1964 Civil Rights Act[7] and on Labor Code section 1411[8] must fall.

The petitions are denied and the alternative writ heretofore issued is discharged.

Kaus, P. J., and Stephens, J., concurred.

A petition for a rehearing was denied May 8, 1973.

---

[7]The particular part of the act in question, section 2000e-2, among other things makes it an unlawful employment practice for an employer to discriminate against any individual on account of sex. (42 U.S.C.A. § 2000e-2.)

[8]The section declares it to be the public policy of the state to protect and safeguard the right and opportunity of all persons without discrimination on account of sex, inter alia, to seek, obtain and hold employment. The right so to do is declared to be a civil right by section 1412 of the Labor Code.