[Civ. No. 36712. First Dist., Div. Four. Apr. 26, 1976.]

SIERRA CLUB, Plaintiff and Appellant, v.
CALIFORNIA COASTAL ZONE CONSERVATION
COMMISSION et al., Defendants and Respondents.

**150**

152

---

---

**COUNSEL**

Greene, Kelley, Halloran & Tobriner, Greene, Kelley & Halloran, Maribeth Halloran and Laurens H. Silver for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, Carl Boronkay and Robert H. Connett, Assistant Attorneys General, Roderick Walston and Richard C. Jacobs, Deputy Attorneys General, Brobeck, Phleger & Harrison, Robert S. Daggett and Moses Lasky for Defendants and Respondents.

## OPINION

**CHRISTIAN, J.**—The Sierra Club appeals from a judgment denying relief from a determination by respondent California Coastal Zone Conservation Commission that part of a development proposed by respondent Half Moon Bay Properties, Inc. (hereinafter "HMBP") is exempt from the commission's control.

HMBP had claimed exemption from the requirement of obtaining a permit for development within the coastal zone permit area of a 270-acre recreational community at the southern end of the City of Half Moon Bay. The proposed development consisted of a golf course, lakes, open space, 567 townhouses, 61 single family lots, an apartment complex, and a hotel complex. Approximately half the development, including the apartment complex, 200 townhouses, 29 single family lots, and half of the golf course are outside the coastal zone permit area. The Central Coast Regional Commission granted HMBP an exemption from the permit requirement on the basis that, prior to November 8, 1972, HMBP had obtained a vested right in developing the property.

On appeal to the California Coastal Zone Conservation Commission, the exemption was approved as to the construction of the golf course, main lodge, seven guest houses, golf and tennis pro shops, a perimeter fence, streets, utilities, retaining walls, steps from the development to the beach, tennis courts, a swimming pool, a gate house, and a sewage treatment facility for which a building permit had already been obtained. The exemption was annulled as to the construction of any other residential units.

Appellant thereafter sought judicial review of the state commission's action, and the present appeal followed.

Appellant contends that the trial court erred in reviewing the action of the state commission by a substantial evidence standard instead of

exercising independent judgment and reweighing the evidence in light of the whole record. ██ Where the order or decision of an administrative agency affects a fundamental vested right, the reviewing court must exercise independent judgment to reweigh the evidence. But if the administrative order or decision does not substantially affect a fundamental vested right, judicial review is limited to a determination of whether the findings are supported by substantial evidence. (Code Civ. Proc., § 1094.5, subd. (c); *Strumsky* v. *San Diego County Employees Retirement Assn.* ·(1974) 11 Cal.3d 28, 32 [112 Cal.Rptr. 805, 520 P.2d 29].) Appellant argues that on either of two theories fundamental vested rights were involved in the present case: (1) that the public has a fundamental vested right to maintain the coast in its present state, or (2) the fact that HMBP was claiming a fundamental vested right required the trial court to exercise its independent judgment although appellant, not the developer, was seeking review of the administrative decision.

State policy is expressed in the California Coastal Zone Conservation Act as follows:

"The people of the State of California hereby find and declare that the California coastal zone is a distinct and valuable natural resource belonging to all the people and existing as a delicately balanced ecosystem; that the permanent protection of the remaining natural and scenic resources of the coastal zone is a paramount concern to present and future residents of the state and nation; that in order to promote the public safety, health, and welfare, and to protect public and private property, wildlife, marine fisheries, and other ocean resources, and the natural environment, it is necessary to preserve the ecological balance of the coastal zone and prevent its further deterioration and destruction; that it is the policy of the state to preserve, protect, and, where possible, to restore the resources of the coastal zone for the enjoyment of the current and succeeding generations; and that to protect the coastal zone it is necessary:

"(a) To study the coastal zone to determine the ecological planning principles and assumptions needed to ensure conservation of coastal zone resources.

"(b) To prepare, based upon such study and in full consultation with all affected governmental agencies, private interests, and the general public, a comprehensive, coordinated, enforceable plan for the orderly, long-range conservation and management of the natural resources of the

coastal zone, to be known as the California Coastal Zone Conservation Plan.

"(c) To ensure that any development which occurs in the permit area during the study and planning period will be consistent with the objectives of this division.

"(d) To create the California Coastal Zone Conservation Commission, and six regional coastal zone conservation commissions, to implement the provisions of this division." (Pub. Resources Code, § 27001. ■ Appellant argues that this policy statement establishes a fundamental vested right in all the members of the public that the California coastal zone will be preserved and maintained in its present state. Inasmuch as "the California coastal zone is a distinct and valuable natural resource belonging to all the people" and "the permanent protection of the remaining natural and scenic resources of the coastal zone is a paramount concern to present and future residents of the state and nation" (§ 27001), there appears to be no doubt that the interests of the people of California in the preservation of the coastal zone are, within the meaning of *Strumsky,* fundamental. But the act does not establish any present possessory interest of the people of the State of California in property lying within the coastal zone. Although such possessory interest may be established over at least part of the coastal zone as a result of the planning function established by the act (see §§ 27300 et seq., 27320), the only actual control over the coastal zone which has been vested in the public by the Act has been by way of the permit-granting function of the regional and state Commissions within the coastal zone "permit area." (§§ 27104, 27400 et seq., 27420 et seq.) If the public's rights in the coastal zone were presently vested, the result would have constituted a taking of property from all landholders within the coastal zone. (See *State of California* v. *Superior Court (Veta Co.)* (1974) 12 Cal.3d 237, 252-255 [115 Cal.Rptr. 497, 524 P.2d 1281]; *CEEED* v. *California Coastal Zone Conservation Com.* (1974) 43 Cal.App.3d 306, 324-325 [118 Cal.Rptr. 315].) Appellant, as part of the public, has no vested right in the coastal zone.

■ Even so, appellant asserts that because HMBP was claiming to have a fundamental vested right to develop its property, the trial court should have exercised independent judgment in reviewing the administrative decision. But a party has no standing to assert that an independent judgment review rather than a substantial evidence review is required unless it possesses a fundamental vested right on its own behalf

which was involved in an administrative agency's action. (See *Northern Inyo Hosp.* v. *Fair Emp. Practice Com.* (1974) 38 Cal.App.3d 14, 23, fn. 9 at p. 23 [112 Cal.Rptr. 872].) The Sierra Club has no fundamental vested right of its own; therefore, it cannot assert the existence of HMBP's fundamental vested right to obtain an independent judgment review.

Appellant contends that the trial court should have made findings of fact as requested by appellant. ■ But in administrative mandate proceedings in which the trial court is required to exercise a substantial evidence, rather than an independent judgment review of the record, findings of fact are not required. (*Friends of Lake Arrowhead* v. *Board of Supervisors* (1974) 38 Cal.App.3d 497, 518 [113 Cal.Rptr. 539].)

■ Appellant contends that where a building permit has been issued which would authorize the construction of several structures, and construction of some but not all of the structures had commenced prior to February 1, 1973, the structures not yet started are subject to the development permit requirement of the act. ■ As a general rule, development permits are required for any new construction within the coastal zone permit area commencing on or after February 1, 1973. (§ 27400; *San Diego Coast Regional Com.* v. *See the Sea, Limited* (1973) 9 Cal.3d 888, 891 [109 Cal.Rptr. 377, 513 P.2d 129].) There are two major exemptions from the permit requirement. The first exemption is the "vested rights" exception, created by section 27404, whereby a developer who has obtained a building permit and in good faith reliance upon the permit has diligently commenced construction activity and performed substantial work on the development, is not required to secure a permit from the regional commission. (§ 27404; *See the Sea, supra,* 9 Cal.3d at p. 893.) The second, or *"See the Sea,"* exemption exists for developers who have obtained building permits and have in good faith commenced actual construction of the structures, performed substantial work, and incurred substantial liability. (9 Cal.3d at p. 892; *Aries Dev. Co.* v. *California Coastal Zone Conservation Com.* (1975) 48 Cal.App.3d 534, 551 [122 Cal.Rptr. 315].) Both types of exemption, although subject to different quanta of construction work completed and different dates of vesting of the right to complete construction, fall within the general rule that one who in good faith reliance upon a building permit performs substantial work and incurs substantial liability in reliance thereon acquires a vested right to complete construction notwithstanding any intervening changes in the law that would otherwise preclude the construction. (*County of San Diego* v. *McClurken* (1951) 37 Cal.2d 683,

691 [234 P.2d 972]; *Aries Dev. Co.* v. *California Coastal Zone Conservation Com., supra,* 48 Cal.App.3d at p. 543.)

 A building permit was issued July 19, 1972, allowing HMBP to erect a "commercial hotel and golf and recreation structures." By November 8, 1972, the following work had been completed: the lake, sprinkler system, drainage, planting, foundation of the golf pro shop, foundation of guest lodge number five, one fourth of the pilings for the foundation to the main lodge, and the perimeter fence. By February 1, 1973, the following additional work had been completed: plumbing for the pro shop, slab and walls of guest lodge number five, all pilings for the foundation for the main lodge, a portion of the steps to the beach, the paving of the main road, the 18th and 19th tees. Of the remainder of the project which the state commission determined was exempt, by February 1, 1973, construction had not commenced upon six of the seven guest houses within the hotel complex, the tennis pro shop within the hotel complex, the tennis courts, a swimming pool, and a sanitary sewage pumping facility.

Whether the buildings within the development which were authorized by the building permit, but upon which no actual construction had commenced, were so interdependent with those buildings within the development which were under construction by February 1, 1973, that the actual construction was sufficient to also exempt the authorized but as yet unconstructed buildings, is initially a question of fact. (See *Environmental Coalition of Orange County, Inc.* v. *AVCO Community Developers, Inc.* (1974) 40 Cal.App.3d 513, 523-524 [115 Cal.Rptr. 59].) The trial court evidently determined that substantial evidence supported the State Commission in its determination that an exemption existed on behalf of HMBP. The commission's action, in turn, imports an implied finding that although part of the project was not yet under construction, that part was sufficiently interdependent with the part already under construction to exempt the whole. The state commission determined that part of the project claimed exempt by HMBP was not interdependent, and denied the exemption for that part. There is evidence in the record to support this conclusion; therefore, it is to be upheld on appeal. (See 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 245, p. 4236.)

 Appellant additionally contends that the building permit was void; a void permit will not establish a vested right to develop the property. It is contended that had the trial court properly taken judicial

notice of provisions of the Uniform Building Code, it would have so held.

At the time the building permit was issued (Apr. 19, 1972), cities and counties were required to have adopted ordinances or regulations imposing the same requirements as a number of uniform building codes, including the 1970 Uniform Building Code, within one year of November 23, 1970 (Health & Saf. Code, §§ 17922 [now 17922, subd. (a)(2)], 17958). However, any building regulations adopted by a city or county prior to November 23, 1970, were left unaffected by section 17922 (Health & Saf. Code, § 17958.7; *People* v. *Wheeler* (1973) 30 Cal.App.3d 282, 290-291 [106 Cal.Rptr. 260]). Moreover, "a city or county may make such changes or modifications in the requirements contained in regulations adopted pursuant to section 17922 as it determines are reasonably necessary because of local conditions" (Health & Saf. Code, § 17958.5). Appellant did not offer the relevant ordinances of the City of Half Moon Bay, but instead requested that the trial court take judicial notice of the provisions of sections 301 and 302 of the Uniform Building Code; this the court refused to do. Section 301, subdivision (a), provides that separate building permits must be obtained "for each such building or structure" which is to be constructed. The permit issued to HMBP provided for construction of a "commercial hotel and golf and recreation structures"; appellant asserts that this permit violates section 301. Because appellant failed to offer the city's relevant ordinances, the court could not determine whether the city had adopted ordinances prior to November 23, 1970, permitting the form of permit issued, or whether the city had modified Uniform Building Code section 301 to allow such permits. Although the permit stated it was "issued subject to sections 301 and 302 UBC 1967," that statement does not establish that the city had not amended the 1967 edition of the Uniform Building Code as adopted in the city's ordinances.* Appellant, as the party asserting alleged illegality of the building permit, bore the burden of producing proof in support of that assertion; because appellant failed to establish that the city's ordinances were identical with the Uniform Building Code, or, if not identical, were not excepted by Health and Safety Code sections 17958.5 or 17958.7, the court properly refused to judicially notice the Uniform Building Code.

By the same reasoning, appellant's assertion concerning the expiration of building permits where work has not commenced within 60 days,

---

*Sections 301 and 302 of the 1967 edition of the Uniform Building Code are virtually identical to those sections in the 1970 edition.

provided for in Uniform Building Code section 302, subdivision (d), also lacks merit.

■ Appellant contends that there was insufficient proof of the expenditures incurred by the developer in reliance upon the building permit to establish an exemption from the development requirement. An applicant for a development permit carries the burden of proof, whether he is claiming exemption from the development permit requirement by reason of vested rights (§ 27404), or *See the Sea* (*San Diego Coast Regional Com.* v. *See the Sea, Limited, supra,* 9 Cal.3d 888, 893). Appellant appears to be asserting that proof of the actual amount of money spent for the work which had been done in reliance upon the building permit is necessary for the developer to establish his right to an exemption. No authority requires such proof; it is sufficient to show that the work completed and the liabilities incurred have been "substantial." The evidence well supports the agency findings that by both November 8, 1972, and February 1, 1973, significant and substantial work had been done by HMBP upon the project authorized in the building permit.

The judgment is affirmed.

Caldecott, P. J., and Rattigan, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 8, 1976. Tobriner, J., did not participate therein. Mosk, J., was of the opinion that the petition should be granted.