[Civ. No. 18209. Fourth Dist., Div. One. July 26, 1979.]

PARDEE CONSTRUCTION COMPANY, Plaintiff and Respondent, v. CALIFORNIA COASTAL COMMISSION, Defendant and Appellant.

472

## COUNSEL

Evelle J. Younger, Attorney General, R. H. Connett, Assistant Attorney General, and Anthony M. Summers, Deputy Attorney General, for Defendant and Appellant.

Sandler & Rosen, Charles L. Birke and John D. Butler for Plaintiff and Respondent.

## OPINION

**STANIFORTH, J.**—The California Coastal Commission (State Commission) appeals from a judgment granting a peremptory writ of mandate

commanding the State Commission to recognize Pardee Construction Company's (Pardee's) claim of vested right to exemption from the permit requirements of the California Coastal Zone Conservation Act of 1972 (1972 Coastal Act).

■ The fundamental question posed is whether Pardee, having been granted an exemption from the permit requirement of the 1972 Coastal Act based upon vested rights accruing under issued building permits, could retain that vested right after Pardee allowed its building permits to lapse. We conclude Pardee's vested rights were not lost or impaired and affirm the judgment.

## FACTS

In October 1972, Pardee commenced construction of "Sea Point," a 231-unit condominium, authorized by building permits issued by the City of San Diego. By November 8, 1972, Pardee had completed its rough grading, desilting basin, drainage system and foundations for all 231 units. Pardee had in fact made substantial investments, improvements in reliance upon the permits issued. On that date—November 8, 1972—the 1972 Coastal Act took effect (*San Diego Coast Regional Com.* v. *See The Sea, Limited,* 9 Cal.3d 888-893, fn. 5 [109 Cal.Rptr. 377, 513 P.2d 129]), and required a permit from a state body for construction in the area in which Pardee's 231 condominiums were being built. Pardee in 1973 applied for and received from the San Diego Coast Regional Commission an exemption from the permit requirement. This exemption was granted pursuant to the 1972 Coastal Act, Public Resources Code section 27404, which provided: "If, prior to November 8, 1972, any city or county has issued a building permit, no person who has obtained a vested right thereunder shall be required to secure a permit from the regional commission; providing that no substantial changes may be made in any such development, except in accordance with the provisions of this division. Any such person shall be deemed to have such vested rights if, prior to November 8, 1972, he has in good faith and in reliance upon the building permit diligently commenced construction and performed substantial work on the development and incurred substantial liabilities for work and materials necessary therefor. Expenses incurred in obtaining the enactment of an ordinance in relation to the particular development or the issuance of a permit shall not be deemed liabilities for work or material." (Repealed Jan. 1, 1977; Pub. Resources Code, § 27650.)

Pardee's exemption was granted on the basis that before the date of the 1972 Coastal Act, the company had performed substantial work and incurred substantial liabilities in reliance upon the city permits authorizing construction of its entire condominium project. The exemption was granted by the regional commission to the entire Sea Point project and not just to individual buildings within that project. The only condition expressed in Pardee's vested right exemption approval was that any substantial change in the development must be made in accordance with the provisions of division 18 of the Public Resources Code, which comprised the 1972 Coastal Act. This condition simply restated the statutory provisions of Public Resources Code section 27404, *supra.*

After obtaining exemption from the 1972 Coastal Act, and before January 1, 1977, Pardee continued and did construct 152 of the units but did not proceed with 79 of the units which remained in a state of having foundations; lumber had been delivered for the 79 units and framing had commenced when the decision to postpone construction was made. During the period of postponed construction, the building permits issued by the city expired. No new permits were issued. In a letter from the city to Pardee, it was stated: "This letter is to inform you that the above-referenced Building Permit has expired by abandonment for failure to actively pursue and perform authorized work on the subject project during the 120-day period preceding the expiration date as prescribed by Section 302(d) of the Uniform Building Code as adopted by the City of San Diego."

This delay in construction of the last 79 units and allowing of the building permits to expire was a conscious decision by Pardee based upon the marketing considerations. An economic downturn had caused a severe slowing of sales.

Mr. Pardee stated: "The project was designed as a whole to consist of 231 units. It was the intention of the builder to construct all 231 units in a series as quickly as they could be built. After construction was underway and the buildings were completed, the recession hit and sales stopped. At this time it was decided to postpone construction of the 79 units until sales warranted their construction."

In January 1977, when Pardee was ready to complete construction on the remaining 79 units, the city required a new building permit. Again Pardee filed for an exemption from the State Commission permit

requirements based upon the newly enacted 1976 Coastal Act. After a contested hearing, the regional commission granted Pardee's request but on appeal to the State Commission, the claim of exemption was denied (Nov. 2, 1977).

Pardee then sought judicial succor—a writ of mandate. After hearing, the superior court issued its peremptory writ commanding the State Commission to recognize Pardee's claim of exemption. The State Commission appeals, contending that Pardee's "vested right" could not outlive the governmental approvals—the city building permits—upon which it was based. The State Commission points to regulations promulgated under the 1976 coastal act requiring maintenance of local government approvals (permits) in order to qualify for an exemption from the State Commission permit requirements.

DISCUSSION

I

Public Resources Code section 30608, subdivision (a), of the California Coastal Act of 1976 states: "No person who has obtained a vested right in a development prior to the effective date of this division or who has obtained a permit from the California Coastal Zone Conservation Commission pursuant to the California Coastal Zone Conservation Act of 1972 (commencing with section 27000) shall be required to secure approval for the development pursuant to this division; provided, however, that no substantial change may be made in any such development without prior approval having been obtained under this division."

Thus, the blanket exemption of a possessor of a vested right or permit holder from the requirement of securing approval of a project under the 1976 coastal act admits of but one statutory exception, to-wit: "that no substantial change may be made in any such development without prior approval having been obtained under this division." It is uncontroverted that Pardee made no change in the Sea Point condominium project.

The State Commission, however, cites its regulation 13210 (tit. 14, Cal. Admin. Code) which provides: "Regardless of the other provisions of this Subchapter, a claimant who has a claim of vested rights granted by the commission or a regional commission under the California Coastal Zone Conservation Act of 1972, need obtain no further approval under the

California Coastal Act of 1976 or these regulations, *provided that no substantial change is made in the development plans previously exempted and all necessary governmental approvals are still in effect. . . ."* (Italics added.) And the State Commission calls our attention to this further regulation adopted by it: "Effect of Vested Right. A final determination of the regional commission or the commission on appeal recognizing a claim of vested rights shall constitute acknowledgment that the development does not require a coastal development permit under Public Resources Code, Section 30600 or 30601 provided that no substantial change may be made in the development except in accordance with the permit requirements of the California Coastal Act of 1976. *If the approvals upon which the acknowledgment is based lapse either by their own terms or pursuant to any provision of law, the acknowledgment made under this subchapter shall no longer be in effect and the development shall become subject to the permit requirements of the California Coastal Act of 1976."* (Tit. 14, Cal. Admin. Code, § 13207; italics added.)

It is the State Commission's contention that Pardee's vested right could not outlive the government's approval on which it was based; therefore it is argued since the building permits, which were a necessary basis for the original exemption had expired, so also has Pardee's "right of exemption" expired. The State Commission also argues a vested right may be lost through waiver, abandonment, etc.; that a vested right does not continue indefinitely (*Avco Community Developers Inc.* v. *South Coast Regional Com.,* 17 Cal.3d 785, 791 [132 Cal.Rptr. 386, 553 P.2d 546]); and that a vested right may be limited in scope to the project authorization (*Oceanic California Inc.* v. *North Central Coast Regional Com.,* 63 Cal.App.3d 57, 67 [133 Cal.Rptr. 664]). Without authority, the State Commission concludes "the vested right could not be greater than that granted by the building permit" and offers this truism: "a vested right once possessed may be lost."

The State Commission admits the regulation is not "explicitly required" by the statute (§ 30608, subd. (a)) but that "this is a requirement of the law of vested rights" and "merely restates existing law."

The difficulty with the State Commission arguments and cited authority is their lack of relevance here. We are called upon to construe a statute containing one explicit condition to an otherwise blanket continuation of the exemption from permit requirement for the two specific classes of

persons. These regulations of the State Commission would amend the statute to add a condition not enacted by the Legislature. This argument flies in the face of accepted rules of statutory construction.

■ Where the Legislature has specifically made an exception to the general provisions of a statute, the courts are without power to imply a broader or more general exception. As stated by the court in *Estate of Pardue,* 22 Cal.App.2d 178, 180-181 [70 P.2d 678]; "If a statute enumerates the persons or things to be affected by its provisions, there is an implied exclusion of others, and if a statute specifies one exception to a general rule, other exceptions or effects are excluded; in other words, as has been frequently held, a general provision of a statute is controlled by a specific and express exception. It is an elementary rule of construction that the expression of one excludes the other. And it is equally well settled that the court is without power to supply an omission." (See also *In re De Neef,* 42 Cal.App.2d 691, 694 [109 Cal.Rptr. 741].)

II

■ Furthermore, a close examination of the precise words of section 30608, subdivision (a), compels the conclusion that maintenance of a municipal building permit was not directed as a condition of holding a *vested* right. *No distinction is made in the statute between a person who has obtained a vested right and is therefore exempt and a person who obtained a permit under the 1972 act.* Thus, the Legislature intended to treat persons with vested rights *in the same manner* as persons who obtained a permit from the 1972 coastal commission. If we would follow the logic of the State Commission, the permit holder would not lose but a vested right holder would lose its exemption from the 1976 act because of expiration of a building permit. Since the Legislature chose to make no distinction between these two classes of persons, neither should the regulations of the State Commission. Neither class should lose their exemption, *unless a substantial change was made in the project.*

As noted, the State Commission concedes its regulation (§ 13210) added the requirement that the holder of a previously recognized vested right must maintain all governmental approvals in effect; that such condition is not to be found in the underlying statute. ■ A grant by the Legislature to a regulatory body, to make "such reasonable rules as may be necessary or proper" does not carry with it a grant of authority to

exceed the powers expressly granted by statute. (*Schenley Industries, Inc.* v. *Munro,* 237 Cal.App.2d 106, 111-114 [46 Cal.Rptr. 678].)

■ The State Commission may not, by enacting administrative regulation section 13210, expand its powers beyond the statutory grant. ■ As was stated in *Harris* v. *Alcoholic Bev. etc. Appeals Bd.,* 228 Cal.App.2d 1, 6 [39 Cal.Rptr. 192]: "In the absence of valid statutory authority, an administrative agency may not, under the guise of a regulation, substitute its judgment for that of the Legislature. It may not exercise its sublegislative powers to modify, alter or enlarge the provisions of the legislative act which is being administered. . . . *These principles apply even though its rule-making authority derives directly from the Constitution.* [Citation.]" (Italics added.) Administrative regulations in conflict with the Constitution or statutes are generally declared to be null and void. (*Hodge* v. *McCall,* 185 Cal. 330, 334 [197 P.86]; *California State Restaurant Assn.* v. *Whitlow,* 58 Cal.App.3d 340, 347 [129 Cal.Rptr. 824]; *City of Coronado* v. *California Coastal Zone Conservation Com.,* 69 Cal.App.3d 570, 577 [138 Cal.Rptr. 241]; *Morris* v. *Williams,* 67 Cal.2d 733, 737 [63 Cal.Rptr. 689, 433 P.2d 697].)

### III

A further body of law militates against acceptance of the State Commission's contention. In effect, the commission urges that a regulation promulgated pursuant to the 1976 coastal act be applied to destroy a conceded vested right Pardee had to proceed with construction of the 231 condominiums.

■ The right possessed by Pardee was in the nature of a property right. Such a right is rooted in the Constitution. (*Miller* v. *McKenna,* 23 Cal.2d 774, 783 [147 P.2d 531].) Pardee's failure to exercise that vested right to its fullest extent before the enactment of the 1976 coastal act does not affect its *vested* character. (16 Am.Jur.2d, Constitutional Law, § 422, p. 762.)

As was said in *Estate of Thramm,* 80 Cal.App.2d 756, 765 [183 P.2d 97]: "[T]he Legislature is without power to impair or destroy the obligations of contractual or vested rights, and any statute which affects a vested right cannot be given retrospective operation." The statute here could not operate to terminate a right which existed under the law prior to its

passage. (*McKinney* v. *Ruderman,* 203 Cal.App.2d 109, 117 [21 Cal.Rptr. 263].)

If the Legislature is without authority to retroactively deprive Pardee of a vested right, a fortiori the State Commission, by its regulation, was without authority to do so.

## IV

And this further point needs airing: Although the State Commission, by law, was the administrative tribunal charged with making the initial determination of the vested rights claim under the coastal act, such procedural authority in no way changes the constitutional character of the vested right. (*South Coast Regional Com.* v. *Gordon,* 18 Cal.3d 832, 836 [135 Cal.Rptr. 781, 558 P.2d 867].) Neither statutory nor constitutional authority exists authorizing the State Commission to limit or deny a once recognized vested right basis for exemption.

Cases relied upon by State Commission do not grapple with this precise issue nesting at the heart of their assertion. For example, *Avco Community Developers, Inc.,* v. *South Coast Regional Com., supra,* 17 Cal.3d 785, and *Oceanic California, Inc.,* v. *North Central Coast Regional Com., supra,* 63 Cal.App.3d 57, held a building permit was necessary to *acquire* a vested right. Both cases dealt with developers who never obtained a vested right to even start construction on their projects because they never obtained building permits. In *Avco Community Developers, Inc., supra,* at page 791, the court said: "Evaluation of this claim requires a determination of the point in the development process at which a landowner can be said to have *acquired* a vested right to construct building on his land." (Italics added.) Thus, the entire discussion of the *Avco* case is directed toward the issue of *acquisition* of a vested right, and not to events which may lead to *loss* of a vested right.

█ Pardee has an adjudicated, approved, found to be valid, vested right. The question is whether that right can be lost by delay in working on part of the project with resultant lapse of the building permits. Clearly, merely by the promulgation of an administrative regulation—in blatant excess of statutory authority—cannot negate a conceded vested right. As a matter of statutory construction, we would conclude the State Commission regulation, insofar as it is in conflict with the statutes, is null and void and unenforceable.

## V

As above noted, the *Avco* and *Oceanic* cases hold the obtaining of a valid building permit is a precondition to the acquisition by the builder of a vested right to continue a project. Yet neither case holds a municipality's practice in issuing and maintaining building permits governs the *scope* of the vested right once obtained. These are two distinct issues; one deals with the point at which the vested right is obtained and that point of beginning is the acquisition of the building permit. The second concerns the extent of the vested rights exemption once it is obtained. The latter is a state matter controlled by constitutional principles; it is not governed by municipal ordinance or policies.

Thus there is a total lack of logical relationship between the constitutional doctrines related to vested rights and municipal policies treating with time for, conditions of expiration of building permits.

Here the statute clearly, explicitly attaches one condition only to continuance of that vested right status, to-wit: "no substantial change may be made in such development. . . ." The happenstances of municipal administration cannot be conclusive on the constitutional law issue involved in loss of a vested right. (*Sierra Club* v. *California Coastal Zone Conservation Com.,* 58 Cal.App.3d 149, 157-158 [129 Cal.Rptr. 743].)

## VI

Finally, the trial court has found as a matter of fact Pardee relied to its detriment on section 27404 of the 1972 Coastal Act which made no mention of a requirement to maintain in effect at all times the building permits. There is a similar void in the 1976 act. Only the regulations in 1977 set forth such a requirement for loss of vested right. Thus, the principles of equitable estoppel, which lie at the base of this vested rights concept, offer further refutation to the State Commission's argument against the continued validity of Pardee's exemption.

The trial court found as a matter of fact no abandonment or relinquishment by Pardee of its vested right. Where a developer allows a permit to lapse for lack of activity, such fact is but some *evidence* bearing on the issue of abandonment or waiver of a vested right. (See *Oceanic California, Inc.* v. *North Central Coast Regional Com., supra,* 63 Cal.App.3d 57, 75-76.) It at best could create a conflict resolved by the

trial court's finding. Here substantial evidence supports the trial court finding on each of these factual issues. Therefore, we conclude (1) the State Commission regulations (Cal. Admin. Code, tit. 14, §§ 13207 and 13210) are unenforceable as to Pardee; (2) the vested right possessed by Pardee here could not be retroactively destroyed as a matter of law, and (3) there exists no factual basis to hold that Pardee as a matter of fact abandoned or waived that right to complete the remaining 79 units.

Judgment affirmed.

Brown (Gerald), P. J., and Cologne, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 20, 1979.