[No. B010424. Second Dist., Div. Six. Oct. 18, 1985.]

JOHN W. CARPENTER, as Sheriff, etc., Plaintiff and Appellant, v.
CIVIL SERVICE COMMISSION OF SANTA BARBARA COUNTY,
Defendant and Respondent;
MARK C. LIDDI, Real Party in Interest and Respondent.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I and II.

**COUNSEL**

Kenneth L. Nelson, County Counsel, and Lynne R. Feldman, Deputy County Counsel, for Plaintiff and Respondent.

Silver, Kreisler, Goldwasser & Shaeffer and Edward G. Pell for Real Party in Interest and Respondent.

No appearance for Defendant and Respondent.

## OPINION

**HINTZ, J.**[*]—John W. Carpenter (appellant), Sheriff of Santa Barbara County, appeals from the judgment entered following the denial of his petition for writ of mandate to order the Civil Service Commission of Santa Barbara County, respondent, to set aside its decision of June 21, 1984, in the appeal of Mark C. Liddi, real party in interest.

Appellant contends that the civil service commission (herein, Commission) decision is void because a majority of the Commission did not concur in the decision; that the Commission erred to appellant's prejudice by excluding certain evidence at the hearing; that the reviewing judge applied the wrong standard of review in ruling on the petition for writ of mandate; and that the Commission's "Findings and Order" were inadequate to form a basis for appellate review.

Appellant issued an order of termination to Deputy Sheriff Mark C. Liddi on January 31, 1984. Grounds for the termination included allegations of a serious on-duty traffic collision on December 16, 1983, in which Liddi was at fault, and five previous on-duty traffic collisions in less than four years in which Liddi had been at fault and for which he had received assorted types of departmental discipline, none amounting to more than one day's suspension from duty. Liddi appealed the order of termination.

In June 1984, the Commission conducted a formal evidentiary hearing on Liddi's appeal. Three commissioners (out of five) were present for the four-day hearing. Evidence was presented by both sides describing each of the on-duty traffic collisions and three off-duty traffic incidents; Liddi's background, overall job performance, training, retraining, and counseling; disciplinary procedures within the sheriff's department; the discipline imposed for each of the five previous on-duty collisions; the reasonableness and proportionality of the disciplines imposed; the potential impact of further training on Liddi; and the effect that potential county liability for Liddi's negligence had on the department's decision to terminate him. The Commission refused to allow appellant to call an attorney to testify whether

---

[*]Assigned by the Chairperson of the Judicial Council.

Liddi's retention "would or would not subject the Sheriff's Department to potential liability on the basis of negligent retention or negligent entrustment" because his testimony would constitute "expert testimony on a question of law." That issue was nevertheless extensively argued by both sides during summations at the hearing.

The Commission announced its findings and order on June 21, 1984. On a two-to-one vote, the Commission found that Liddi was at least partially at fault and showed errors in judgment in four of six on-duty traffic accidents, and that while discipline was appropriate, termination was too severe. The Commission ordered Liddi's reinstatement conditioned upon a 30-day suspension without pay, a 1-year probationary period, and his successful completion of a driver's training program. The dissenter recommended termination. Appellant filed a petition for rehearing before the Commission. His petition was denied on a three-to-one vote on August 16, 1984.

On September 5, 1984, appellant filed a petition for writ of mandamus, asking the superior court to order the Commission to set aside its decision. The petition alleged that the Commission decision was jurisdictionally void because only two of five Commission members concurred in the decision; that the Commission went beyond its authority and was collaterally estopped from reviewing the five previous traffic collisions to decide whether Liddi was at fault in them; that the refusal to hear the attorney's testimony about liability for negligent retention was prejudicial; that the Commission's findings regarding fault were unclear, inaccurate, incomplete, and unsupported by the evidence; and that the punishment ordered by the Commission constituted an abuse of discretion.

The petition was heard on November 16, 1984. In its tentative decision, filed December 11, 1984, the superior court ruled that a majority of a quorum of the Commission had authority to act; that the Commission properly excluded the proferred evidence on negligent retention; and that petitioner could not now complain that the Commission had reviewed the previous incidents when he had not only failed to object at the hearing but had also been the proponent of the extensive evidence about the incidents. The court declined to apply any standard of review to the issue of Liddi's liability for the collisions, apparently interpreting the petition as a challenge not to the finding of fault but only to the discipline imposed by the Commission. As to that issue, the court found no abuse of discretion and by judgment of January 9, 1985, denied the petition.

I–II*

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

*See footnote, *ante,* page 446.

## III

Appellant contends that the superior court applied the wrong standard of review in determining whether the writ of mandate should issue to overturn the Commission's findings of fault and its order setting punishment. ▮ Appellant is undoubtedly correct as to the lower court's ruling on the findings of fault because the judge in fact applied no standard of review at all, stating in his opinion that the issue of fault was not before him. The judge was in error. Our reading of the petition for writ of mandate shows that the sheriff clearly asserted the Commission's error in not finding Liddi totally at fault in all six accidents. That issue should have been ruled on. We cannot say with certainty that the judge's ultimate decision would (or should) have been the same on the reasonableness of the Commission's imposition of discipline if, for example, he had ruled that Liddi should have been found totally at fault for all six accidents instead of partially at fault for four accidents. Accordingly; we will remand the case to the superior court for it to review the Commission's decision finding Liddi at fault, and in light of that review, to decide whether the Commission abused its discretion in imposing the discipline it ordered.

▮ We conclude, with considerable reluctance, that on remand the appropriate standard of review is whether the Commission's findings are supported by substantial evidence in light of the whole record. The "substantial evidence" review appears to be mandated by *Interstate Brands* v. *Unemployment Ins. Appeals Bd.* (1980) 26 Cal.3d 770 [163 Cal.Rptr. 619, 608 P.2d 707], *Sierra Club* v. *California Coastal Zone Conservation Com.* (1976) 58 Cal.App.3d 149 [129 Cal.Rptr. 743], and *Lowe* v. *Civil Service Com.* (1985) 164 Cal.App.3d 667 [210 Cal.Rptr. 673]. Those cases hold that the party seeking the petition for review of the administrative action must itself possess a fundamental, vested right which was involved in the agency action. In *Sierra Club,* for example, appellant Sierra Club had sought review of the commission action allowing developer HMBP to develop property, arguing that the correct standard of review was "independent judgment." The First District Court of Appeal found that Sierra Club itself had no fundamental vested right. The court then expressly rejected the argument that "independent judgment" review was required so long as the decision affected some party's fundamental vested right, writing that "a party has no standing to assert that an independent judgment review rather than a substantial evidence review is required unless it possesses a fundamental vested right on its own behalf which was involved in an administrative agency's action. [Citation.] The Sierra Club has no fundamental vested right of its own; therefore, it cannot assert the existence of HMBP's fundamental vested right to obtain an independent judgment review." (*Sierra*

*Club* v. *California Coastal Zone Conservation Com., supra,* 58 Cal.App.3d 149, 155-156.)

In *Interstate Brands,* the Supreme Court found that plaintiff/petitioner Interstate Brands did have a fundamental vested right of its own in preserving its unemployment insurance reserve account from erroneous charges. The court went on to quote *Sierra Club* with emphasis added in such manner that it is made clear the court intended to require the particular petitioner to have a fundamental vested right of its own to be entitled to an independent judgment review.

In *Lowe,* the Sheriff of Sacramento County fired a deputy sheriff for on-duty misconduct. The civil service commission reduced the penalty to suspension. Sheriff Lowe petitioned the superior court for a writ of mandamus to review the commission's decision. The superior court applied its independent judgment to the record, vacated the commission's order, and directed it to reconsider its decision in light of the court's own findings. The deputy appealed the superior court decision, asserting that the superior court should have only applied the substantial evidence standard because the sheriff had no fundamental vested right at issue. The Third District Court of Appeal agreed and ordered denial of Sheriff Lowe's petition based on *Interstate Brands* and *Sierra Club.*

We agree that in this case petitioner/appellant does not himself have a fundamental vested right at issue, although respondent does. ■ Such ruling is in accord with the principles outlined in *Bixby* v. *Pierno* (1971) 4 Cal.3d 130 [93 Cal.Rptr. 234, 481 P.2d 242], *American National Ins. Co.* v. *Fair Employment & Housing Com.* (1982) 32 Cal.3d 603 [186 Cal.Rptr. 345, 651 P.2d 1151], and *Northern Inyo Hosp.* v. *Fair Emp. Practice Com.* (1974) 38 Cal.App.3d 14 [112 Cal.Rptr. 872], that an employer's rights to establish practices and procedures and to impose conditions of employment do not constitute a fundamental vested right to conduct business free of reasonable governmental rules and regulations.

■ *Interstate Brands* directs that because the petitioner does not *himself* possess a fundamental vested right, review must be based on the substantial evidence test. Our reluctance to order review based on substantial evidence is that the rationale of *Interstate Brands* will often result in the standard of review being based on who files the appeal from the agency ruling. Had Liddi appealed the finding of fault, he would be entitled to an independent judgment review, for his right to practice his trade or profession is clearly a fundamental vested right. (*Bixby* v. *Pierno, supra,* 4 Cal.3d 130, 143.) Whether it was Liddi or Carpenter who sought review, Liddi's right to employment is no less involved. The court's order must inevitably have

some impact on his employment even if it is no more than to make the Commission's decision final. To say that the standard of review in this case would vary based solely on who filed the appeal, as *Interstate Brands* requires us to say, seems inequitable at least. ■ Nevertheless, we are required to follow the rulings of the Supreme Court (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937]), and so we will.

## IV

■ Appellant contends finally that the Commission's findings of fact are insufficient for a "substantial evidence" review. In this contention appellant is indisputably correct. The Commission's "findings"[3] consist of a five-line paragraph which, among other omissions, does not even state which accidents the Commission decided were Liddi's fault. The superior court shall direct the Commission to make sufficient findings for review. The excellent findings of the civil service commission in *Lowe* should be instructive.

The case is reversed and remanded to the superior court for return to the Commission to prepare adequate findings. The superior court shall then review those findings to determine if there is substantial evidence in the record to support them and shall then reassess the Commission's disciplinary action for abuse of discretion.

Stone, P. J., and Gilbert, J., concurred.

---

[3]"While a Sheriff's Deputy operating a County vehicle, appellant, MARK LIDDI, was involved in six accidents, four of which were found by the Commission to be at least partially his fault and involved errors in judgement, and that the Sheriff's Department was justified in imposing discipline but that termination was too severe."