NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IN RE: TREETOP DEVELOPMENT, LLC,  DEBTOR

No. 24-2740

D.C. No.
2:24-cv-1965-FWS

TREETOP DEVELOPMENT, LLC,

MEMORANDUM*

      Plaintiff - Appellee,

  v.

CITY OF LOS ANGELES,

      Defendant - Appellant.

Appeal from the United States District Court
for the Central District of California
Sheri Bluebond, Bankruptcy Judge, Presiding

Argued and Submitted September 9, 2024
Pasadena, California

Before: IKUTA, FRIEDLAND, and LEE, Circuit Judges.

The City of Los Angeles appeals the bankruptcy court's partial grant of

summary adjudication, after we granted the City's petition for a direct appeal to

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

this court under 28 U.S.C. § 158(d)(2)(A).  We review de novo, *In re Caneva*, 550 F.3d 755, 760 (9th Cir. 2008), and we reverse.

Under California law, "if a property owner has performed substantial work and incurred substantial liabilities in good faith reliance upon a permit issued by the government, he acquires a vested right to complete construction in accordance with the terms of the permit."  *Avco Cmty. Devs., Inc. v. S. Coast Reg'l Comm'n*, 17 Cal. 3d 785, 791 (1976).  This doctrine prevents the government from changing the law to "prohibit construction authorized by the permit upon which he relied." *Id.*  "But it is well established that the rights which may 'vest' through reliance on a government permit are no greater than those specifically granted by the permit itself."  *Santa Monica Pines, Ltd. v. Rent Control Bd.*, 35 Cal. 3d 858, 866 (1984). Where the permit contains a limiting condition, the vested right is limited by that condition.  *See Russ Bldg. P'ship v. City & Cnty. of San Francisco*, 44 Cal. 3d 839, 853–54 (1988).  To hold otherwise "would give [plaintiffs] greater rights than those granted by their permits."  *Id.* at 854 (quotation marks omitted).

Here, Treetop's main house and guest house permits expressly state that "[t]his permit expires two years after the date of the permit issuance."  To the extent Treetop had a vested right to construct its project under the legal regime in place at the time the permits were granted, that right was limited by the expiration dates of its permits.  *See S. Lake Tahoe Prop. Owners Grp. v. City of South Lake*

24-2740

*Tahoe*, 310 Cal. Rptr. 3d 9, 21 (Ct. App. 2023) ("Any vested rights the members may have had in their permits were limited by their permits' terms and conditions, including the one-year expiration dates."); *Hobbs v. City of Pacific Grove*, 301 Cal. Rptr. 3d 274, 286 (Ct. App. 2022) (similar). Treetop does not dispute that it never obtained an extension. Its main house and guest house permits therefore expired by the end of their two-year terms on March 19, 2020, and March 16, 2020, respectively, before the City's pandemic tolling order went into effect.

*Pardee Construction Co. v. California Coastal Commission*, 157 Cal. Rptr. 184 (Ct. App. 1979), is not to the contrary. *Pardee* addressed a specific statutory scheme that provided an express exemption for vested rights holders without regard to the expiration of the underlying building permit. *See id.* at 186–88. No such statute is applicable here.

Treetop does not raise an equitable estoppel argument separate from its vested rights theory on appeal. Because the vested rights theory Treetop exclusively relies upon is unavailing, we need not reach any of the City's arguments about alternative grounds for reversal.

**REVERSED** and **REMANDED**.